■ SCARSDALE SUPPLY COMPANY, Appellant, v. VILLAGE OF SCARSDALE, Respondent.— Appeal from a judgment entered after trial dismissing the complaint in an action to declare void a zoning ordinance insofar as it upgraded appellant's property by changing its classification from business to residence "B". For more than 35 years appellant has been conducting a building supply business on its property. Such use was a conforming use until October 11, 1955, when the zoning ordinance was adopted; thereafter the use was a valid, nonconforming use. The newly created residence "B" district is burdened with restrictions which seem to be severe. The trial court held that, inasmuch as appellant is continuing the same use of the property and has no intention of changing the use or of selling the property, it has no presently existing controversy with respondent nor any present grievance under the ordinance. Accordingly, the trial court declined to make any findings as to whether the evidence shows that conforming uses under the new ordinance are unreasonable or confiscatory. The court further stated that, when and if appellant actually suffers an injury, it will be entitled to seek the aid of the courts. The trial court gave weight to the decision in *Headley* v. *City of Rochester* (272 N. Y. 197). Appellant's contention that the ordinance of October 11, 1955 was not adopted in accordance with the provisions of the Constitution and laws of this State was held by the trial court to have become academic. The ordinance was adopted by a vote of five of the seven members of the Village Board of Trustees, whereas section 179 of the Village Law, in effect at the time, provided for a unanimous vote. Prior to October 11, 1955 respondent had assumed to amend section 179 of the Village Law by providing in a local law that a two-thirds vote was sufficient. In February, 1957 the Village Board of Trustees repealed the ordinance of October 11, 1955, and re-enacted substantially identical provisions by a unanimous vote. The trial court stated that it was unnecessary to pass upon the validity of the 1955 ordinance, inasmuch as that question had become

academic by reason of the aforesaid re-enactment in February, 1957. Judgment unanimously affirmed, with costs. No opinion. Present — Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ. [15 Misc 2d 289.]